# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and between plaintiff Carmen Terry ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class (as defined below), on the one hand, and defendants JPMorgan Chase Bank, N.A. ("Chase") and Real Time Resolutions, Inc. ("Real Time") (collectively, "Defendants"), on the other hand (together, with Plaintiff, the "Parties," and each a "Party"). Chase, Real Time and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff and the Settlement Class Members (as defined below) in the action entitled <u>Terry v. JPMorgan Chase Bank, N.A., et al</u>, United States District Court for the Southern District of California, Case No. 3:15-cv-01666-DMS-KSC (the "Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.   RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.   In the Action, Plaintiff alleges that Defendants violated California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 <u>et seq.</u>, and Unfair Competition Law, Cal. Bus. Prof. Code § 17200 <u>et seq.</u>, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u>, by attempting to collect payments and/or actually collecting payments on residential mortgage loans owned and/or serviced, directly or indirectly, by Chase and secured by real property located in the State of California, after Chase had voluntarily released the lien on the property securing the loan.

B.   Plaintiff filed the Action on July 27, 2015 on behalf of herself and a purported class of persons similarly situated.

1

C.      Defendants vigorously deny all claims asserted in the Action and deny all allegations of wrongdoing and liability. Defendants desire to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.      Plaintiff and Class Counsel (as defined below) have determined that a settlement of the Action on the terms set forth in this Agreement is fair, reasonable and adequate, and is in the best interest of the Settlement Class.

E.      This Agreement results from and is the product of extensive, good faith, arm's length negotiations. The Parties participated in an Early Neutral Evaluation on November 5, 2015 before the Honorable Karen S. Crawford. In addition to the Early Neutral Evaluation, the Parties participated in three mediation sessions before the Honorable Richard Kramer (Ret.) of JAMS on November 29, 2016, January 12, 2017 and January 18, 2017. Following the third full day of mediation, the Parties reached the Settlement set forth herein on or about May 1, 2017.

F.      Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action. Plaintiff and Class Counsel requested, and Chase and Real Time produced, information, documents and data pertaining to the claims, membership and payments by Plaintiff and the Settlement Class. Plaintiff and Class Counsel also subpoenaed discovery from third parties. Defendants propounded written discovery on Plaintiff, to which she responded. Class Counsel also engaged in numerous discussions with Defendants' Counsel (as defined below) regarding the claims asserted in the Action.

G.      Specifically, Defendants identified, among other things, 795 Settlement Class Loans (as defined below) on which borrowers paid $5,834,755.33 in Challenged Payments (as defined below) to Chase within four years prior to the filing of this Action, that were not covered by the settlement in <u>Banks</u> (as defined below). In addition, Defendants identified 22,581 Settlement Class Loans where no Challenged Payments were made and that were not covered by the settlement in <u>Banks</u>. As a result of these efforts, the Parties enter into this Agreement,

2

subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release the Released Claims (defined below) of Plaintiff and the Settlement Class Members in exchange for the benefits provided by this Settlement, including Chase's agreement to pay the total sum of Four Million Three Hundred Thousand Dollars ($4,300,000.00) to create a common fund for the benefit of the Settlement Class.

      H.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed Released Claims, subject to approval by the Court. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Agreement and is not an admission of wrongdoing of liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all Released Claims in the Action.

     **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree to the Settlement, subject to approval by the Court, as follows:

## II.   **DEFINITIONS**

     A.    In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the Exhibits attached hereto, which are integrated as part of this Agreement and are incorporated herein by reference:

        1.    "Banks" means the class action lawsuit entitled Banks, et al. v. JPMorgan Chase Bank, N.A., Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action.

        2.    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

3

3. "Challenged Payments" means any payment made by an individual in the Settlement Class on his or her Settlement Class Loan during the Class Period (as defined below), following Chase's release of the lien securing the Settlement Class Loan.

4. "Class Counsel" means Blood Hurst & O'Reardon, LLP.

5. "Class Notice" or "Notice Program" means all types of notice that will be provided to the Settlement Class regarding the Settlement, including the Mail Notice, Long-Form Notice, the Settlement Website and any different or additional notice that may be ordered by the Court. A description of the contemplated Notice Program is set forth in Section III.F of this Agreement.

6. "Class Period" means the period from July 28, 2011 through August 1, 2017.

7. "Court" means the United States District Court for the Southern District of California.

8. "Defendants' Counsel" or "Defense Counsel" means Stroock & Stroock & Lavan LLP.

9. "Effective Date" means the tenth (10th) business day after the last of the following dates:

a. The Parties, Plaintiff's Counsel and Defense Counsel have executed this Agreement;

b. The entry, without material change, of the Final Approval Order; and

c. The final disposition of any related appeals; and in the case of no appeal or review being filed, expiration of the applicable appellate period.

10. "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the

4

Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to the Class Representative Plaintiff.

11.    "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Agreement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit 5.

12.    "Long-Form Notice" means the notice that will be provided via first class mail, pursuant to Section III.F.2 of this Agreement and subject to approval by the Court, to individuals in the Settlement Class that make a request to the Settlement Administrator (as defined below) and that will be posted on the Settlement Website (as defined below), the proposed form of which is attached hereto as Exhibit 3.

13.    "Mail Notice" means the postcard notice that will be provided pursuant to Section III.F.1 of this Agreement, the proposed forms of which are attached hereto as Exhibits 1 and 2.

14.    "Notice Date" means the date by which the Settlement Administrator disseminates the Class Notice as provided in the Agreement, which shall be accomplished within thirty (30) days from entry of the Preliminary Approval Order.

15.    "Non-Purchase Money Mortgage" means any other deed of trust, loan or mortgage secured by a residential dwelling in California that does not conform to the definition of a Purchase Money Mortgage (as defined below).

16.    "Opt-Out and Objection Deadline" means thirty (30) days before the date first set by the Court for the Final Approval Hearing.

17.    "Plaintiff's Counsel" means Blood Hurst & O'Reardon, LLP, Hoffman & Forde, Attorneys at Law and the Law Office of Peter Fredman.

18.    "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 4.

LA 52097861

19. "Preliminary Approval" means the date that the Court enters the Preliminary Approval Order.

20. "Purchase Money Mortgage" means a deed of trust or mortgage on a dwelling in California for not more than four families given to a lender to secure repayment of a loan (or subsequent refinance(s) of that loan) that was used to pay all or part of the purchase price of that dwelling, occupied entirely or in part by the purchaser.

21. "Released Claims" shall have the meaning set forth in Section III.I of this Agreement. The "Releases" means all of the releases contained in Section III.I of this Agreement.

22. "Released Parties" shall have the meaning set forth in Section III.I of this Agreement.

23. "Releasing Parties" shall have the meaning set forth in Section III.I of this Agreement.

24. "Request for Exclusion" means the written communication that may be submitted to the Settlement Administrator by an individual in the Settlement Class who wishes to be excluded from the Settlement Class. The Request for Exclusion must be submitted by the Opt-Out and Objection Deadline as set by the Court and must comply with the requirements set forth in Section III.L.1 of this Agreement.

25. "Settlement" means the settlement into which the Parties have entered to resolve the Action, as set forth in this Agreement.

26. "Settlement Administrator" means Kurtzman Carson Consultants, LLC, the third party administrator proposed by the Parties, subject to approval by the Court, that shall be responsible for providing the Class Notice and Settlement Class Member award payments, as well as services related to administration of the Settlement.

27. "Settlement Award" means the initial cash payments that may be available to eligible Settlement Class Members pursuant to Section III.H of this Agreement.

6

28.    "Settlement Class" means California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.

29.    "Settlement Class Loan" means a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, where, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release.

30.    "Settlement Class Member" means any person in the Settlement Class who does not timely submit a valid Request for Exclusion from the Settlement Class in this Action by the Opt-Out and Objection Deadline.

31.    "Settlement Costs" means: (a) any award of attorneys' fees and costs to Class Counsel approved by the Court; (b) any service award to the Class Representative approved by the Court; (c) all costs incurred by the Settlement Administrator for printing and providing notice to persons in the Settlement Class, including, without limitation, costs for the Notice Program; (d) all costs incurred by the Settlement Administrator in administering the Settlement, including, without limitation, the processing and mailing of settlement payments; and (e) the fees, expenses and all other costs of the Settlement Administrator, including, without

7

limitation, any other costs incurred incidental to any different or additional notice as may be ordered by the Court.

32. "Settlement Fund" means the sum of Four Million Three Hundred Thousand Dollars ($4,300,000.00) for the benefit of the Settlement Class to be paid by Chase pursuant to this Agreement.

33. "Settlement Website" means the website dedicated to the Settlement, on which will be posted the Long-Form Notice, a copy of this Agreement, the Preliminary Approval Order, the Final Approval Order, the motions for preliminary and final approval, the First Amended Complaint and other materials that the Parties agree to post.

34. "Tranche 1" means those persons in the Settlement Class who made one or more Challenged Payments on their Settlement Class Loans, and whose Settlement Class Loans were Purchase Money Mortgages.

35. "Tranche 2" means those persons in the Settlement Class who made one or more Challenged Payments on their Settlement Class Loans, and whose Settlement Class Loans were Non-Purchase Money Mortgages.

36. "Tranche 3" means those persons in the Settlement Class who did not make any Challenged Payments on their Settlement Class Loans, regardless of whether their Settlement Class Loans were Purchase Money Mortgages or Non-Purchase Money Mortgages.

The capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the Exhibits attached hereto.

III.  **TERMS OF THE SETTLEMENT**

A.  <u>Certification of the Settlement Class</u>.  Solely for the purposes of settlement, providing the Class Notice and implementing this Agreement, the Parties agree to certification of the Settlement Class.  The Parties stipulate, subject to Court approval, to the appointment of Blood Hurst & O'Reardon, LLP as Class Counsel, and the appointment of Plaintiff as a suitable Class Representative for the Settlement Class.  If the Settlement is not finalized or finally

8

approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by either Party, the Action will return to its status as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated class certification proceedings or otherwise asserted in any other aspect of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with this Agreement may be used by Plaintiff, Chase, Real Time, any person in the proposed Settlement Class or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

B.     First Amended Complaint.  Plaintiff shall file a First Amended Complaint in the Action incorporating a revised class definition that conforms to the definition of the Settlement Class as set forth in this Agreement and is otherwise consistent in all material respects with the Agreement.

C.     Preliminary Approval.

1.     Preliminary Approval Motion.   Within fifteen (15) days following complete execution of this Agreement, Plaintiff will file this Agreement with the Court and move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that ask the Court to: (a) preliminarily approve the Settlement as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) certify the Settlement Class for settlement purposes only, appoint Class Counsel as counsel for the Settlement Class for settlement purposes only and appoint Carmen Terry as the Class Representative; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, by the Notice Date; (e) establish a procedure for Settlement Class Members to object to the Settlement and/or to file a Request for Exclusion from the Settlement Class on or

9

before an Opt-Out and Objection Deadline after which no one shall be allowed to object to the Settlement, file a Request for Exclusion or seek to intervene in the Action; (f) pending final determination of whether the Settlement should be approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (g) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (h) schedule the Final Approval Hearing.

2.    Stay / Bar of Proceedings.    The proposed Preliminary Approval Order shall include a provision staying all proceedings in the Action following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of this Agreement.    Pending determination of whether the Settlement should be granted Final Approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them.    The proposed Preliminary and Final Approval Orders shall include an injunction that no person in the Settlement Class and no person acting or purporting to act directly or on behalf of any person in the Settlement Class, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

D.    Settlement Consideration.

1.    The Settlement Fund.    As full and complete consideration for the Settlement, Defendants will establish the Settlement Fund.    Chase will pay the $4,300,000.00 comprising the Settlement Fund to the Settlement Administrator within ten (10) business days following the Effective Date of the Settlement, less the amount of any advances paid by Chase to the Settlement Administrator as set forth below.    The Settlement Fund shall be used to satisfy all payments to be made pursuant to this Agreement including, without limitation, all Settlement

10

Costs, all Settlement Awards to eligible Settlement Class Members, the Second Distribution (as defined below) and the distribution of any Remaining Funds (as defined below). The Settlement Fund shall be reduced by the Settlement Costs prior to making any Settlement Awards to Settlement Class Members, as set forth in Section III.H below. Defendants shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement. If necessary, Chase shall advance the costs of the Notice Program and settlement administration, which will be paid directly to the Settlement Administrator and credited against the Settlement Fund.

      2.    Termination. In the event that the Settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, all amounts remaining in the Settlement Fund, including any interest thereon, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Chase within five (5) business days following the event triggering non-approval, termination, cancellation or failure to become effective.

      E.    Settlement Administrator. The Settlement Administrator shall administer the Settlement, including, without limitation, the notice, administration and distribution process. Defendants will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis, with the information specified below for all persons who are identified as borrowers on the Settlement Class Loans (as reflected in reasonably available computerized records of Chase and/or Real Time) (the "Class List") to the extent required to administer the Settlement. The Settlement Administrator shall maintain the Class List in a secure manner and not share the Class List with any other person or entity except as expressly set forth herein. Defendants will provide the Class List to the Settlement Administrator within ten (10) days of execution of this Agreement. The Class List shall include (1) the name, (2) account number(s), (3) last known mailing address, (4) last known telephone number, (5) the amount of Challenged Payments, if any, on any Settlement Class Loan belonging

11

to an individual in the Settlement Class and (6) whether each person in the Settlement Class is a Tranche 1, Tranche 2 or Tranche 3 person. Because the information about the Settlement Class that will be provided to the Settlement Administrator will consist of confidential information, including non-public personal information and other information protected by privacy laws, the Settlement Administrator will execute a nondisclosure agreement and take the steps necessary to ensure that information provided to it by Defendants will be used solely for the purposes of effectuating this Settlement, and shall not disclose any information to any person or entity except as provided for in this Agreement or by Court order.

      F.    <u>Settlement Class Notice Program</u>. The Settlement Administrator shall provide Class Notice in the forms approved by the Court, as detailed below, by the Notice Date. At or prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with a declaration attesting that Class Notice was provided in accordance with the Court's Preliminary Approval Order.

      1.    <u>Mail Notice</u>. The Settlement Administrator will provide direct Mail Notice, by postcard via first class mail, to the most recent available mailing address of all individuals in the Settlement Class by the Notice Date. Before mailing the Mail Notice, the Settlement Administrator shall run the addresses of all individuals in the Settlement Class through the National Change of Address database ("NCOA") system. The Settlement Administrator shall promptly re-mail any Mail Notices that are returned as non-deliverable with a forwarding address to such forwarding address. For all Mail Notices returned without a forwarding address, the Settlement Administrator shall perform reasonable skip tracing to ascertain the current and proper address of the individual in the Settlement Class. Defendants agree to provide to the Settlement Administrator, on a confidential basis, additional information from its reasonably available computerized account records that the Settlement Administrator may reasonably request for purposes of performing skip traces of individuals in the Settlement

LA 52097861

Class. All costs associated with address searches and skip tracing will be considered Settlement Costs and paid from the Settlement Fund. Mail Notice will be provided as follows:

        a.      Tranches 1 and 2. The Mail Notice sent to individuals in Tranches 1 and 2 of the Settlement Class shall, subject to Court approval, be individualized in that it shall specify the amount (subject to adjustment) of the initial Settlement Award that the individual is eligible to receive. The proposed form of the Mail Notice that individuals in Tranches 1 and 2 of the Settlement Class will receive is attached hereto as Exhibit 1.

        b.      Tranche 3. Subject to Court approval, the Mail Notice sent to individuals in Tranche 3 of the Settlement Class will estimate the amount of the Settlement Award that individuals in Tranche 3 are eligible to receive. The proposed form of the Mail Notice that individuals in Tranche 3 of the Settlement Class will receive is attached hereto as Exhibit 2.

        2.      Long-Form Notice. The Settlement Administrator shall post the Long-Form Notice, the proposed form of which is attached hereto as Exhibit 3, on the Settlement Website and shall mail or email the Long-Form Notice upon request from an individual in the Settlement Class for said notice.

        3.      Settlement Website. The Settlement Website will be created and maintained by the Settlement Administrator. The Settlement Administrator shall post the Long-Form Notice, a copy of this Agreement, the Preliminary Approval Order, the Final Approval Order, the motions for preliminary and final approval, Settlement-related deadlines, the First Amended Complaint and any other materials that the Parties agree to post on the Settlement Website. These documents shall be available on the Settlement Website beginning not later than the Notice Date. The Settlement Website shall also provide persons in the Settlement Class with instructions for submitting a request for a copy of the Long-Form Notice and include a toll-free telephone number that persons in the Settlement Class can call for information pertaining to the Settlement. The Settlement Administrator shall secure a URL for the Settlement Website that is

agreeable to the Parties and that shall not bear or include the words "Chase," "JPMorgan," "Real Time" or any derivative thereof. The content of the Settlement Website shall not include the logo or other graphic trademarks of either Defendant. The Settlement Website shall cease operation no later than ten (10) days after the stale date on Settlement Award checks, or ten (10) days following the Second Distribution, if there is a Second Distribution. The Settlement Website URL shall be terminated and removed from the internet within ten (10) days after operation of the Settlement Website ceases. Ownership of the URL shall thereafter be transferred to Chase, but Chase shall not use the URL for any purpose.

      4.     CAFA Notice. Defendants shall be responsible for timely compliance with all CAFA notice requirements.

      G.     Settlement Awards.

      1.     Awards. Except as set forth herein, eligible Settlement Class Members will be entitled to a Settlement Award, which shall be calculated by the Settlement Administrator and payable as described below. Following the deduction of Settlement Costs, the remaining balance of the Settlement Fund shall be distributed, subject to Court approval, to Settlement Class Members as follows:

      a.     Tranche 1. Settlement Class Members in Tranche 1 shall be eligible to receive an initial Settlement Award calculated based on approximately 76% of the total Challenged Payments made on his or her Settlement Class Loan during the Class Period and following Chase's release of the lien securing the loan, as reflected in Defendants' reasonably available computerized records. No Settlement Class Member in Tranche 1 shall receive more than the total amount of any Challenged Payments that he or she made to Chase and/or any third party on behalf of Chase, on his or her Settlement Class Loan during the Settlement Class Period, following Chase's release of the lien secured by the same property. The initial Settlement Award percentage may be subject to pro rata adjustment depending on the final amount of Settlement Costs, the number of Settlement Class Members in Tranche 1 (after opt-outs) and the number of

14

Settlement Class Members in Tranche 1: (i) whose Mail Notices were returned as undeliverable; and (ii) for whom the Settlement Administrator could not identify a valid mailing address. Pursuant to Section III.H.2 below, Settlement Class Members in Tranche 1 who cash their initial Settlement Award check may subsequently receive a Second Distribution if sufficient funds remain.

        b.    Tranche 2.  Settlement Class Members in Tranche 2 shall be eligible to receive an initial Settlement Award calculated based on approximately 38% of the total Challenged Payments made on his or her Settlement Class Loan during the Class Period, as reflected in Defendants' reasonably available computerized records.   No Settlement Class Member in Tranche 2 shall receive more than the total amount of any Challenged Payments that he or she made to Chase and/or any third party on behalf of Chase, on his or her Settlement Class Loan during the Settlement Class Period, following Chase's release of the lien secured by the same property.  The initial Settlement Award percentage may be subject to pro rata adjustment depending on the final amount of Settlement Costs, the number of Settlement Class Members in Tranche 2 (after opt-outs) and the number of Settlement Class Members in Tranche 2: (i) whose Mail Notices were returned as undeliverable; and (ii) for whom the Settlement Administrator could not identify a valid mailing address.  Pursuant to Section III.H.2 below, Settlement Class Members in Tranche 2 who cash their initial Settlement Award check may subsequently receive a Second Distribution if sufficient funds remain.

        c.    Tranche 3.  Settlement Class Members in Tranche 3 shall be eligible to receive a Settlement Award equal to the sum of $500,000.00 divided by the number of Settlement Class Members in Tranche 3.  The Settlement Award amount may be subject to pro rata adjustment depending on the number of Settlement Class Members in Tranche 3 (after opt-outs) and the number of Settlement Class Members in Tranche 3: (i) whose Mail Notices were returned as undeliverable; and (ii) for whom the Settlement Administrator could not identify a

valid mailing address. Settlement Class Members in Tranche 3 are not eligible to receive an additional award through a Second Distribution.

   2. <u>Obligations of Settlement Class Members Unaffected by Settlement</u>. With the exception of the Settlement Class Loans, the Settlement shall not affect any other debts owed and/or contracts between Plaintiff and/or Settlement Class Members and Defendants, and Plaintiff and all Settlement Class Members will remain fully obligated on any and all such debts and/or contracts to the extent permitted by applicable laws and regulations. This clause shall in no manner renew, restate or otherwise affect the enforceability of any Settlement Class Member's other debts and/or contracts.

  H. <u>Distribution of Settlement Awards</u>.

   1. <u>Settlement Award Payments</u>. Settlement Awards shall be sent within sixty (60) days after the Effective Date. The Settlement Administrator shall mail, by first class mail, a check to each eligible Settlement Class Member at the address determined based on the following. Before mailing a Settlement Award to a Settlement Class Member, the Settlement Administrator shall reconfirm the address at which the Settlement Class Member receives mail by rerunning the address through the NCOA system and/or confirming the address through an internet search or other reasonable means sufficient to reasonably ensure that the Settlement Award will be received by the qualifying Settlement Class Member. The Settlement Administrator will perform reasonable skip tracing and re-mailing, as necessary. All costs of such work will be considered Settlement Costs and paid from the Settlement Fund. Checks will be valid for ninety (90) days after the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than ninety (90) days after the date on the check will be included as part of the Second Distribution or the Remaining Funds. Any Settlement Class Member who fails to negotiate the check within the ninety (90) day period forever waives and releases his or her claim for payment of the amount represented by the Settlement Award check, which shall be returned to the Settlement Fund.

16

2.      Second Distribution.   If, after payment of Settlement Costs and after the stale date of all checks sent for Settlement Awards in the initial distribution, money remains in the Settlement Fund, such remaining monies will be distributed on a pro rata basis to Settlement Class Members in Tranches 1 and 2, unless the remaining amount would result in average supplemental payments of $10.00 or less, after deducting Settlement Costs (the "Second Distribution"). The Second Distribution shall be made as soon as practicable after the last day for checks to be cashed as set forth in Section III.H.1 above. Settlement Awards distributed pursuant to the Second Distribution shall be mailed, by first class mail, by the Settlement Administrator and will be valid for sixty (60) days after the date on the check. The Settlement Costs of the Second Distribution shall be taken out of the funds available for the Second Distribution, if any.

3.      Remaining Funds.   Any residual money in the Settlement Fund after the payment of Settlement Costs and satisfaction of Settlement Awards through the issuance of checks as described above, including the Second Distribution if necessary (the "Remaining Funds"), shall, subject to Court approval, be distributed in equal shares to the National Housing Law Project and Consumer Watchdog pursuant to the cy pres doctrine. In no instance shall any portion of the Settlement Fund, including the Remaining Funds, revert to Defendants or otherwise be paid to Defendants.

I.      Releases.   As of the Effective Date, Plaintiff and the Settlement Class Members provide the following releases:

> Plaintiff and each and all Settlement Class Members (defined as California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter

17

attempted to collect or actually collected unpaid balances on the loan after the lien release ("Settlement Class Loan"). Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled Banks, et al. v. JPMorgan Chase Bank, N.A., Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members; and (c) individuals in the Settlement Class who submitted a timely and valid Request for Exclusion), on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any other holders of their Settlement Class Loan (together, the "Releasing Parties"), fully release and forever discharge Defendants and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, assigns and vendors (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, including but not limited to claims for violations of the California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq., and Unfair Competition Law, Cal. Bus. Prof. Code § 17200 et seq., Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Cal. Civ. Proc. §§ 580b, 580d and 726(a) and Cal. Civ. Code §§ 1572,

18

1709, 1710 and 1711, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order concerning the Released Parties' conduct, policies, or practices arising from, related to, connected with, or described in the Action *that were alleged or could have been alleged in the Action*, whether the claims are brought directly or by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims"). Notwithstanding the foregoing, the Plaintiff and Settlement Class Members are not releasing claims, if any, that arise out of or relate to collection activities that occur after the date of the Final Approval Order regarding Settlement Class Loans.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, become effective. The Parties, and all Settlement Class Members, agree that this paragraph constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of

19

any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each Settlement Class Member understands and acknowledges the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and each Settlement Class Member acknowledges that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. The Parties acknowledge (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown claims as set forth herein was separately bargained for and is a material element of the Settlement.

J.      Attorneys' Fees And Costs. No later than forty-five (45) days prior to the Final Approval Hearing, Class Counsel shall make, and Defendants agree not to oppose, an application for an award of attorneys' fees not to exceed 25% of the Settlement Fund (before expenses) and for an award of out-of-pocket expenses reasonably incurred in the prosecution of the Action. The application for an award of attorneys' fees and expenses will be made by Class Counsel on behalf of themselves and the other Plaintiff's Counsel. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expense award to Plaintiff's Counsel in their

20

LA 52097861

sole discretion. Class Counsel will receive payment of fees and costs awarded by the Court out of the Settlement Fund within fifteen (15) business days after the Effective Date. Court approval of attorneys' fees and costs, or their amount, is not a condition of the Settlement.

K.    Service Award.  Defendants agree not to oppose an application by the Class Representative for a service award in the amount of Five Thousand Dollars ($5,000.00), to be paid from the Settlement Fund. The service award will be in addition to the other consideration to the Settlement Class Members as set forth in Section III.D. above. Such service award shall be paid to the Class Representative at the same time as the attorneys' fees and costs payments to Class Counsel are due. Court approval of the service award, or its amount, is not a condition of the Settlement.

L.    Opt-Out Right/Termination.

1.    Opt-Out Requirements.  Individuals in the Settlement Class may submit a Request for Exclusion from the Settlement Class to the Settlement Administrator at the address designated on the Settlement Website no later than the Opt-Out and Objection Deadline. A Request for Exclusion must: (a) be signed by the individual in the Settlement Class who is requesting exclusion; (b) include the full name, address and applicable Chase account number(s) of the individual in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the Terry action." No request for exclusion will be valid unless it is submitted no later than the Opt-Out and Objection Deadline and all of the information described above is included. Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class. Mass or class opt-outs shall not be allowed, and no individual in the Settlement Class shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Plaintiff covenants that she will not file a Request for Exclusion from the Settlement Class.

21

LA 52097861

2.      Retention of Exclusions.  The Settlement Administrator shall retain a copy of all Requests for Exclusion, whether valid or invalid, and will provide copies of all such requests to counsel for the Parties.  Plaintiff's Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether an individual in the Settlement Class has properly opted-out of the Settlement, or as otherwise required by the Court in connection with this Settlement.

3.      Cap On Opt-Outs.  All individuals in the Settlement Class who do not submit a Request for Exclusion in accordance with the terms of this Settlement Agreement will be bound by all determinations, orders and judgments in the Action.  In the event that the number of valid Requests for Exclusion exceeds one hundred (100) potential Settlement Class Members, Defendants, in their sole discretion, may terminate the Settlement.  Defendants shall inform Class Counsel within thirty (30) days after they are advised in writing that the number of valid opt-out requests exceeds one hundred (100) potential Settlement Class Members, as to whether it will exercise the right of termination.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into.

M.      Objections To The Settlement.

1.      Right To Object and Notice of Intention to Appear.  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service award, but only if the individual has first filed a written objection with the Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline, which is thirty (30) days before the date first set by the Court for the Final Approval Hearing.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, or the award of

22

any attorneys' fees and costs and/or service award. Plaintiff covenants that she will not object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service award. Any Settlement Class Member who intends to appear at the Final Approval Hearing and be heard by the Court must file and serve on all parties a Notice of Intention to Appear with the Court no later than twenty-one (21) days before the Final Approval Hearing.

      2.    <u>Objection Requirements</u>. To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline, which is thirty (30) days before the date first set by the Court for the Final Approval Hearing. The objection must also be mailed to each of the following, postmarked no later than the Opt-Out and Objection Deadline: (a) Class Counsel – Thomas J. O'Reardon, Blood Hurst & O'Reardon, LLP, 701 B Street, Suite 1700, San Diego, California 92101; and (b) Defendants' Counsel – Benjamin G. Diehl, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. An objection must include the following: (a) the objector's name, address and telephone number, and, if represented by counsel, the name, bar number, address and telephone number of his or her attorney; (b) a statement that the objector is a Settlement Class Member; (c) documents establishing, or information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the individual's specific objections and the grounds supporting the objection; (f) identification and production of copies of any documents that the objector desires the Court to consider; and (g) the objector's original signature.

      N.    <u>Final Approval</u>. Following completion of the Notice Program and expiration of the Opt-Out and Objection Period, Plaintiff shall promptly request that the Court enter the proposed Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the

23

Notice Program as administered was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Settlement Fund; (d) finally certify the Settlement Class; (e) set the attorneys' fees and expense award to Class Counsel and the service award to the Class Representative; (f) confirm that Plaintiff and the Settlement Class Members have released all Released Claims against the Released Parties; (g) permanently enjoin Plaintiff and any and all Settlement Class Members or any persons acting or purporting to act directly or on behalf of any Settlement Class Member, on a representative basis or in any other capacity, from asserting, commencing, or prosecuting any of the Released Claims against the Released Parties in any action or proceeding; and (h) dismiss the Action with prejudice, without costs to any Party, except as provided in this Agreement.

O.    Dismissal.  Upon entry of the Final Approval Order, Plaintiff shall take all steps necessary to dismiss the Action with prejudice as to Plaintiff and all Settlement Class Members.

P.    No Admissions.  Defendants expressly disclaim and deny any wrongdoing or liability whatsoever, and the Parties expressly agree to conditional certification of the Settlement Class solely for the purposes of this Settlement.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants, or any waiver of defenses available to the Defendants, in

24

any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of Defendants' rights to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against individuals in the Settlement Class who opted-out of the Settlement. In addition, neither the fact of, nor any documents relating to, Chase's and/or Real Time's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Agreement, any Order entered regarding the Settlement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Q.     Confidentiality.  The terms of this Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a Motion for Preliminary Approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the mediation and/or a settlement in principle to the Court in the Action as well as potential third-party administrators in connection with obtaining bids. Defendants may, at their sole discretion, disclose the terms of the Settlement to their auditors and other parties as reasonably necessary.

R.     No Publicity Beyond Notice Procedures.  Plaintiff's Counsel and/or Plaintiff will not issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notice Program or posting the Class Notice or other information from the Settlement Website onto Plaintiff's Counsel's websites. Plaintiff's Counsel and/or Plaintiff will make no statements of any kind to any third party regarding the Settlement prior to filing a Motion for Preliminary Approval with the Court, with the exception of statements made to the Settlement Administrator. The Parties may make public statements to the Court as necessary to

25

obtain Preliminary or Final Approval of the Settlement and Plaintiff's Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement. In all communications, Plaintiff's Counsel must comply with all confidentiality agreements, including the Protective Order entered on July 15, 2016 (Dkt. No. 36), in the Action and not disclose information that is not a part of the public record. All Parties and their counsel of record agree to refrain from publicly disparaging each other about the subject matter of this Action or Settlement.

S.      **Federal Rule of Civil Procedure 11.** The Parties agree that throughout the course of the Action, all Parties and their counsel of record complied with the provisions of Federal Rule of Civil Procedure 11.

## IV.   **GENERAL PROVISIONS**

A.      **Settlement Conditioned Upon Approval.** The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking Preliminary or Final Approval, the Parties will return, without prejudice, to the status quo ante as if no Settlement had been negotiated or entered into. The Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose.

B.      **Destruction of Confidential Documents.** Within thirty (30) days after the Effective Date, the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements, including the Protective Order entered on July 15, 2016 (Dkt. No. 36), in the Action shall be returned to the producing party or destroyed. The return and/or destruction of all confidential documents and/or information subject to all confidentiality agreements shall be confirmed in writing by Class Counsel to Defense Counsel, and vice versa, within thirty (30) days after the Effective Date. This obligation extends to the Class List and

26

those documents provided by Defendants in connection with mediation and/or settlement discussions. Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

C.     No Construction Against Drafter. This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

D.     Entire Agreement. This Agreement, including all Exhibits attached hereto, contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The Parties contemplate that the Exhibits attached hereto may be modified by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

E.     Authority. Plaintiff, Chase and Real Time represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff, Chase and Real Time to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

F.     No Assignment. No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

27

LA 52097861

G.   Receipt of Advice of Counsel.   Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

H.   Agreement Binding on Successors in Interest.   This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

I.   Execution In Counterparts.   The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

J.   Notices.   All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

As to Plaintiff and the Settlement Class:

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
tblood@bholaw.com
Thomas J. O'Reardon
toreardon@bholaw.com
701 B Street, Suite 1700
San Diego, CA 92101

As to Chase and/or Real Time:

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
jstrickland@stroock.com
Benjamin G. Diehl
bdiehl@stroock.com
2029 Century Park East
Los Angeles, California 90067

K.   Modification in Writing.   This Settlement may be amended or modified only by written instrument signed by one of Class Counsel and Defendants' Counsel. Amendment and

28

modifications may be made without additional notice to the Settlement Class unless such notice is required by the Court.

L.     Retention of Jurisdiction.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

29

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last date set forth below:

CARMEN TERRY:                                    Dated: ___8/2/___, 2017

By: _____

JPMORGAN CHASE BANK, N.A.:                       Dated: ___August__ __, 2017

By: _____
    Peter Muriungi
Its:   Head of Servicing

REAL TIME RESOLUTIONS, INC.                      Dated: __August 16__, 2017

By: _____

Its:   _____

APPROVED
SAT
ATTORNEY

APPROVED AS TO FORM AND
CONTENT:

CLASS COUNSEL:
BLOOD HURST & O'REARDON, LLP                     Dated: _____, 2017

By: _____
    Timothy G. Blood

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last date set forth below:

**CARMEN TERRY:**                                    Dated: _____, 2017

By: _____

**JPMORGAN CHASE BANK, N.A.:**                       Dated: _August  11_, 2017

By: _____
Peter Muriungi
Its: _Head of Servicing_

**REAL TIME RESOLUTIONS, INC.**                      Dated: _August 16_, 2017

By: _____

Its: _(CEO)_

> APPROVED
> SKT
> ATTORNEY

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**                                   Dated: _8/20_, 2017
BLOOD HURST & O'REARDON, LLP

By: _____
Timothy G. Blood

30

LA 52097861

HOFFMAN & FORDE, ATTORNEYS AT LAW

By: _____
Daniel Forde

Dated: _8/21/17_, 2017

LAW OFFICE OF PETER FREDMAN

Dated: _____, 2017

By: _____
Peter B. Fredman

APPROVED AS TO FORM:

DEFENDANTS' COUNSEL:
STROOCK & STROOCK & LAVAN LLP

Dated: _____, 2017

By: _____
Julia B. Strickland

31

HOFFMAN & FORDE, ATTORNEYS AT LAW          Dated: _____, 2017

By: _____
        Daniel Forde


LAW OFFICE OF PETER FREDMAN          Dated: 8/15, 2017

By: _____
        Peter B. Fredman


**APPROVED AS TO FORM:**

**DEFENDANTS' COUNSEL:**
STROOCK & STROOCK & LAVAN LLP          Dated: _____, 2017


By: _____
        Julia B. Strickland


31

LA 52097861

HOFFMAN & FORDE, ATTORNEYS AT LAW        Dated: _____, 2017

By: _____
      Daniel Forde

LAW OFFICE OF PETER FREDMAN        Dated: _____, 2017

By: _____
      Peter B. Fredman

**APPROVED AS TO FORM:**

**DEFENDANTS' COUNSEL:**
STROOCK & STROOCK & LAVAN LLP        Dated: 8/21 _____, 2017

By: _____
      Julia B. Strickland

31

# EXHIBIT 1

In the United States District Court for the Southern District of California
Terry v. JPMorgan Chase Bank, N.A., et al.
Case No. 3:15-cv-01666-DMS-KSC

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this?** JPMorgan Chase Bank, N.A.'s ("Chase") and Real Time Resolutions, Inc.'s ("Real Time") records indicate you are a part of a "Settlement Class" in a proposed class action settlement. This notice informs you of the proposed settlement's terms and your options. **As a proposed Settlement Class Member, your legal rights are affected whether you act or do not act.**

**What is the lawsuit about?** The lawsuit claims Chase and Real Time violated California and federal law by attempting to collect and/or actually collecting payments on residential mortgage loans owned and/or serviced, directly or indirectly, by Chase and secured by real property located in California, after Chase voluntarily released the lien on the property securing the loan. Defendants deny all allegations and any wrongdoing whatsoever. The settlement is not an admission of wrongdoing by any party or any indication that any law was violated. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

**Am I a Member of the Class?** The Settlement Class is comprised of California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.  According to Defendants' records, you are part of the Settlement Class.

**What does the Settlement provide?** Chase will pay $4.3 million to create a Settlement Fund for the Settlement Class. The Settlement Fund will be used to pay settlement awards, the costs of class notice, settlement administration, a named plaintiff service award, and Court-approved awards of attorneys' fees and expenses of counsel for Plaintiff and the Settlement Class. No portion of the Settlement Fund will be returned to Defendants.

**How do I get my award?** You do not have to do anything to receive your award. You will automatically be sent a check. We estimate your award amount will be $X, which is calculated based on approximately 76% of the amount you paid on your residential mortgage loan after Chase released the lien on the property securing the loan.  This is just an estimate; the amount of your award is subject to adjustment. Depending on how much money remains, if any, after paying all eligible Settlement Class Members, remaining money will be distributed to certain eligible Settlement Class Members or donated to National Housing Law Project, which is a charitable organization subject to approval by the Court.

**When will I get my award?** If the settlement is approved and becomes final, a check will be automatically mailed to you. This could take up to one year or more. Please be patient.

**What are my other options?** If the settlement is approved by the Court, any legal claim you may have against Defendants related to the claims in this lawsuit will be "released". If you do not wish to be legally bound by the terms of the settlement, you must opt-out by **[DATE], 2017**. Or, if you do not like the settlement, you can submit a written objection by **[DATE], 2017**. The Settlement Agreement and detailed instructions on how to properly opt-out or object to the settlement are available at **www.TerryMortgageSettlement.com**.

**When is the Final Approval Hearing?** The Court will hold a hearing on **[DATE], 2017** at **[TIME]**, to decide whether to approve the settlement, a request for attorneys' fees (up to 25% of the Settlement Fund), reimbursement of expenses (approximately $27,500) and a service award to the Class Representative (up to $5,000.00). You may, but do not have to, attend the hearing. The hearing will take place in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101.

**How do I get more information?** To read the full Class Notice and the proposed Settlement Agreement, which more fully describe your rights and the terms of the settlement, visit **www.TerryMortgageSettlement.com** or you can also call **1-800-xxx-xxxx**.

In the United States District Court for the Southern District of California
Terry v. JPMorgan Chase Bank, N.A., et al.
Case No. 3:15-cv-01666-DMS-KSC

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this?** JPMorgan Chase Bank, N.A.'s ("Chase") and Real Time Resolutions, Inc.'s ("Real Time") records indicate you are a part of a "Settlement Class" in a proposed class action settlement. This notice informs you of the proposed settlement's terms and your options. **As a proposed Settlement Class Member, your legal rights are affected whether you act or do not act.**

**What is the lawsuit about?** The lawsuit claims Chase and Real Time violated California and federal law by attempting to collect and/or actually collecting payments on residential mortgage loans owned and/or serviced, directly or indirectly, by Chase and secured by real property located in California, after Chase voluntarily released the lien on the property securing the loan. Defendants deny all allegations and any wrongdoing whatsoever. The settlement is not an admission of wrongdoing by any party or any indication that any law was violated. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

**Am I a Member of the Class?** The Settlement Class is comprised of California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release.  Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.  According to Defendants' records, you are part of the Settlement Class.

**What does the Settlement provide?** Chase will pay $4.3 million to create a Settlement Fund for the Settlement Class. The Settlement Fund will be used to pay settlement awards, the costs of class notice, settlement administration, a named plaintiff service award, and Court-approved awards of attorneys' fees and expenses of counsel for Plaintiff and the Settlement Class. No portion of the Settlement Fund will be returned to Defendants.

**How do I get my award?** You do not have to do anything to receive your award. You will automatically be sent a check. We estimate your award amount will be $X, which is calculated based on approximately 38% of the amount you paid on your residential mortgage loan after Chase released the lien on the property securing the loan.  <u>This is just an estimate; the amount of your award is subject to adjustment.</u> Depending on how much money remains, if any, after paying all eligible Settlement Class Members, remaining money will be distributed to certain eligible Settlement Class Members or donated to National Housing Law Project, which is a charitable organization subject to approval by the Court.

**When will I get my award?** If the settlement is approved and becomes final, a check will be automatically mailed to you. This could take up to one year or more. Please be patient.

**What are my other options?** If the settlement is approved by the Court, any legal claim you may have against Defendants related to the claims in this lawsuit will be "released". If you do not wish to be legally bound by the terms of the settlement, you must opt-out by **[DATE], 2017**. Or, if you do not like the settlement, you can submit a written objection by **[DATE], 2017**. The Settlement Agreement and detailed instructions on how to properly opt-out or object to the settlement are available at **www.TerryMortgageSettlement.com**.

**When is the Final Approval Hearing?** The Court will hold a hearing on **[DATE], 2017** at **[TIME]**, to decide whether to approve the settlement, a request for attorneys' fees (up to 25% of the Settlement Fund), reimbursement of expenses (approximately $27,500) and a service award to the Class Representative (up to $5,000.00). You may, but do not have to, attend the hearing. The hearing will take place in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101.

**How do I get more information?** To read the full Class Notice and the proposed Settlement Agreement, which more fully describe your rights and the terms of the settlement, visit **www.TerryMortgageSettlement.com** or you can also call **1-800-xxx-xxxx**.

# EXHIBIT 2

In the United States District Court for the Southern District of California
Terry v. JPMorgan Chase Bank, N.A., et al.
Case No. 3:15-cv-01666-DMS-KSC

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**What is this?** JPMorgan Chase Bank, N.A.'s ("Chase") and Real Time Resolutions, Inc.'s ("Real Time") records indicate you are a part of a "Settlement Class" in a proposed class action settlement. This notice informs you of the proposed settlement's terms and your options. **As a proposed Settlement Class Member, your legal rights are affected whether you act or do not act.**

**What is the lawsuit about?** The lawsuit claims Chase and Real Time violated California and federal law by attempting to collect and/or actually collecting payments on residential mortgage loans owned and/or serviced, directly or indirectly, by Chase and secured by real property located in California, after Chase voluntarily released the lien on the property securing the loan. Defendants deny all allegations and any wrongdoing whatsoever. The settlement is not an admission of wrongdoing by any party or any indication that any law was violated. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

**Am I a Member of the Class?** The Settlement Class is comprised of California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release.  Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.  According to Defendants' records, you are part of the Settlement Class.

**What does the Settlement provide?** Chase will pay $4.3 million to create a Settlement Fund for the Settlement Class. The Settlement Fund will be used to pay settlement awards, the costs of class notice, settlement administration, a named plaintiff service award, and Court-approved awards of attorneys' fees and expenses of counsel for Plaintiff and the Settlement Class. No portion of the Settlement Fund will be returned to Defendants.

**How do I get my award?** You do not have to do anything to receive your award. You will automatically be sent a check. We estimate your award amount will be $22.00. <u>This is just an estimate; the amount of your award is subject to adjustment.</u>

**When will I get my award?** If the settlement is approved and becomes final, a check will be automatically mailed to you. This could take up to one year or more. Please be patient.

**What are my other options?** If the settlement is approved by the Court, any legal claim you may have against Defendants related to the claims in this lawsuit will be "released". If you do not wish to be legally bound by the terms of the settlement, you must opt-out by **[DATE], 2017**. Or, if you do not like the settlement, you can submit a written objection by **[DATE], 2017**. The Settlement Agreement and detailed instructions on how to properly opt-out or object to the settlement are available at **www.TerryMortgageSettlement.com**.

**When is the Final Approval Hearing?** The Court will hold a hearing on **[DATE], 2017** at **[TIME]**, to decide whether to approve the settlement, a request for attorneys' fees (up to 25% of the Settlement Fund), reimbursement of expenses (approximately $27,500) and a service award to the Class Representative (up to $5,000.00). You may, but do not have to, attend the hearing. The hearing will take place in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101.

**How do I get more information?** To read the full Class Notice and the proposed Settlement Agreement, which more fully describe your rights and the terms of the settlement, visit **www.TerryMortgageSettlement.com** or you can also call **1-800-xxx-xxxx**.

# EXHIBIT 3

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

---

**If you have or had a residential purchase or refinance mortgage loan owned and/or serviced by Chase and Chase, directly or indirectly, attempted to collect and/or collected unpaid balances on the loan after the lien on the property secured by the loan was voluntarily released, and you were not a member of the settlement class in *Banks, et al. v. JPMorgan Chase Bank, N.A.*, you could be eligible to receive payment from a class-action settlement.**

---

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are a person in the proposed Settlement Class, your legal rights are affected whether you act or not.**

<span style="color:red">**Please Read This Notice Carefully.**</span>

This Long-Form Notice provides information about a proposed class action settlement in Terry v. JPMorgan Chase Bank, N.A., et al., Case No. 3:15-cv-01666-DMS-KSC (the "Settlement"), concerning allegations that JPMorgan Chase Bank, N.A. d/b/a Chase ("Chase") and Real Time Resolutions, Inc. ("Real Time" and, together with Chase, "Defendants") violated California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq., and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by attempting to collect payments and/or actually collecting payments on residential mortgage loans owned and/or serviced, directly or indirectly, by Chase and secured by real property located in the State of California, after Chase voluntarily released the lien on the property securing the loan.  Defendants deny the allegations and deny any wrongdoing whatsoever.  The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses, and Defendants have not conceded the truth or validity of any of the claims against either or both of them by entering into the Settlement.

The Court in charge of this case still has to decide whether to approve the Settlement.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT ||
|---|---|
| **NO CLAIM FORM REQUIRED** | • This Settlement does not require a Settlement Class Member to make a claim in order to recover a payment under the Settlement.<br>• The amount you will receive, provided you do not opt-out of the Settlement, will be based on whether your loan was a purchase money mortgage loan and the amount you paid on the loan, if any, to Chase after Chase released the lien on the property securing the loan.<br>• *See Questions 6-10.* |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | • Excluding yourself means you **get no payment**.<br>• Excluding yourself is the only way you can ever be a part of any other case against JPMorgan Chase Bank, N.A., or its respective parents and affiliates, and/or Real Time Resolutions, Inc., or its respective parents or affiliates, about the claims being resolved by this Settlement.<br>• *See Question 11.* |
| **OBJECT TO THE SETTLEMENT** | • Remain a Settlement Class Member and write to the Court about why you do not like the Settlement.<br>• You cannot object in order to ask the Court for a higher payment for *yourself personally*, although you can object to any other terms that apply generally to the Settlement Class.<br>• *See Questions 14–15.* |
| **GO TO THE FINAL APPROVAL HEARING** | • The Court will hold a hearing to decide whether to approve the Settlement. You may ask to speak in Court about the fairness of the Settlement.<br>• *See Question 16.* |

---

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 1 -

LA 52097866

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ........................................................................................................................**3**
    1.   Who was sent Mail Notice of this Settlement? ........................................................................3
    2.   What is the lawsuit about? ........................................................................................................3
    3.   What is a class action and who are the Parties? ....................................................................3
    4.   Why is there a Settlement? ......................................................................................................3

**WHO IS IN THE SETTLEMENT?** ..........................................................................................................**3**
    5.   How do I know if I am part of the Settlement? What is the Settlement Class definition? ...............3

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .................................................................................**4**
    6.   What does the proposed Settlement provide? ........................................................................4
    7.   How will payments be calculated? ..........................................................................................4
    8.   When will payment be issued? ................................................................................................5
    9.   How will payment be sent? ......................................................................................................5
    10.  What am I giving up to get a payment or stay in the Settlement? ........................................5

**EXCLUDING YOURSELF FROM THE SETTLEMENT ("OPTING-OUT")** ..................................................**6**
    11.  How do I get out of the Settlement? ......................................................................................6

**THE LAWYERS REPRESENTING YOU** ..................................................................................................**7**
    12.  Do I have a lawyer in this case? ..............................................................................................7
    13.  How will the lawyers be paid? Is the Class Representative being paid? ................................7

**OBJECTING TO THE SETTLEMENT** .....................................................................................................**7**
    14.  How do I tell the Court that I do not like the Settlement? ....................................................7
    15.  What is the difference between objecting and excluding yourself ("opting-out")? ................8

**THE COURT'S SETTLEMENT HEARING** ..............................................................................................**8**
    16.  When and where will the Court decide whether to approve the Settlement? ......................8
    17.  Do I have to come to the Final Approval Hearing? ................................................................9
    18.  May I speak at the Final Approval Hearing? ..........................................................................9

**GETTING MORE INFORMATION** ........................................................................................................**9**
    19.  How do I get more information about the Settlement? ..........................................................9

LA 52097866

## BASIC INFORMATION

### 1.   Who was sent Mail Notice of this Settlement?

Individuals, as identified by Defendants' records, that are California borrowers who had a residential mortgage loan during the relevant time period that was owned or serviced by Chase, where Chase released the lien on the property securing the loan and then, directly or indirectly, attempted to collect or actually collected unpaid balances on the loan after the lien release, and who were not members of the settlement class in <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), were sent a postcard Mail Notice about this Settlement.

This Long-Form Notice more fully explains the options available to individuals in the Settlement Class before the Court decides whether to give "final approval" to the Settlement. *See Question 5 for more details about who is in the Settlement Class.*

### 2.   What is the lawsuit about?

Plaintiff claims that Defendants violated California and federal law by collecting or attempting to collect unpaid balances on residential mortgage loans owned or serviced by Chase after Chase voluntarily released the lien on the property securing the loan. Specifically, Plaintiff alleges that Defendants violated California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 <u>et seq.</u>, and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u>

Defendants deny the allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

### 3.   What is a class action and who are the Parties?

In a class action lawsuit, one or more people, called "class representatives," sue on behalf of people who have similar claims. All of these people together are a "class" or "settlement class." One court resolves the issues for the whole settlement class, except for those who choose to exclude themselves from the class. *See Question 11.*

**<u>Settlement Class Representative</u>**. The Settlement Class Representative in this case, Carmen Terry, is a California resident who had a residential mortgage loan serviced by Chase. Plaintiff alleges that after Chase voluntarily released the lien on her property securing her loan, Defendants attempted to collect unpaid balances on the loan.

**<u>Settling Defendants</u>**. The Settling Defendants in this lawsuit are JPMorgan Chase Bank, N.A. d/b/a Chase and Real Time Resolutions, Inc.

Together, the Settlement Class Representative and the Defendants are called the "Parties."

### 4.   Why is there a Settlement?

Defendants deny all liability in the lawsuit. The Court did not decide in favor of any party on the legal claims being resolved here. Instead, all sides agreed to a Settlement, which avoids the risk and cost of a trial, but still provides compensation to the people affected. The Settlement Class Representative and Class Counsel think that the Settlement is in the best interests of the Settlement Class and that the proposed Settlement is fair, adequate and reasonable.

## WHO IS IN THE SETTLEMENT?

### 5.   How do I know if I am part of the Settlement? What is the Class definition?

Defendants have identified 23,376 Settlement Class Loans. For purposes of this lawsuit, a Settlement Class Loan means a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, where, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release.

If you received a postcard Mail Notice regarding this lawsuit, you are the borrower of a Settlement Class Loan and are eligible for a cash payment and the other benefits of the Settlement, if you do not opt-out. *See Question 7 for*

*more details about how payment amounts will be calculated.  See Question 11 for more details about how to opt-out of the Settlement.*

**Settlement Class Definition.** The Settlement Class includes all California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release.  Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6.    What does the proposed Settlement provide?

**Settlement Fund**.  Chase will pay $4,300,000.00 to cover all costs of the settlement including:  (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed twenty-five percent (25%) of the Settlement Fund, and reimbursement of reasonable expenses (approximately $27,500), as approved by the Court; (3) a service award to the Settlement Class Representative in an amount not to exceed a cash payment of $5,000.00, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a contribution to a charitable organization approved by the Court.

**Settlement Awards**.  Settlement Class Members will receive cash awards calculated as set forth below.  The amount each Settlement Class Member receives depends on which of the three groups within the Settlement Class – Tranche 1, 2 or 3 – the Settlement Class Member belongs to, and may be subject to pro rata adjustment, including depending on: (1) the final amount of costs of the Settlement; (2) the number of individuals in each group who exclude themselves from the Settlement; and/or (3) the number of individuals in each group for whom a valid mailing address cannot be identified.  Settlement awards will be distributed by an independent Settlement Administrator approved by the Court.  *See Question 7 for more details.*

**No Portion of the Settlement Fund Will Return to Defendants**.  Any money remaining in the Settlement Fund after paying initial cash awards to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to the Settlement Class Representative and the costs of notice and administration of the Settlement, or money that the Settlement Administrator is unable to distribute to Settlement Class Members for lack of a current and valid mailing address, will be distributed by way of a second distribution.  Only Settlement Class Members in Tranches 1 and 2 who have cashed their settlement checks may be eligible to receive an additional settlement award in the second distribution.  If there are not enough funds to issue a second settlement award of at least $10.00 to each Settlement Class Member in Tranches 1 and 2 after the deduction of administration costs associated with the second distribution, the Parties propose that the remaining funds will be donated in equal shares to National Housing Law Project and Consumer Watchdog, subject to approval by the Court.  No portion of the Settlement Fund will be returned to Defendants.

### 7.    How will payments be calculated?

According to Defendants' records, individuals in the Settlement Class paid a total of $5,834,755.33 in Challenged Payments on Settlement Class Loans.  Challenged Payments are any payment made by an individual in the Settlement Class on his or her Settlement Class Loan during the Class Period after Chase voluntarily released the lien on the property securing the Settlement Class Loan.  Not all individuals in the Settlement Class made a Challenged Payment.  The cut-off for the Challenged Payments is July 28, 2011 because of the statute of limitations.

To settle this case, Chase will pay a total of $4,300,000.00.  The total Settlement Fund pays for all administrative costs, attorneys' fees and expenses and a service award to the Class Representative, with the remainder to be distributed to Settlement Class Members as follows:

---

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 4 -

LA 52097866

| Tranche | Description | Initial Settlement Award |
|---------|-------------|--------------------------|
| **Tranche 1** | Settlement Class Members in Tranche 1 are persons who made one or more Challenged Payments on his or her Settlement Class Loan during the Class Period and whose Settlement Class Loan was a *purchase money mortgage*. | Settlement Class Members in Tranche 1 are eligible to receive an initial Settlement Award calculated based on approximately 76% of the total Challenged Payments made on his or her Settlement Class Loan, subject to adjustment. |
| **Tranche 2** | Settlement Class Members in Tranche 2 are persons who made one or more Challenged Payments on his or her Settlement Class Loan during the Class Period and whose Settlement Class Loan was *not a purchase money mortgage*. | Settlement Class Members in Tranche 2 are eligible to receive an initial Settlement Award calculated based on approximately 38% of the total Challenged Payments made on his or her Settlement Class Loan, subject to adjustment. |
| **Tranche 3** | Settlement Class Members in Tranche 3 are persons who did not make any Challenged Payments on his or her Settlement Class Loans during the Class Period. | Settlement Class Members in Tranche 3 are eligible to receive a Settlement Award equal to the sum of $500,000.00 divided by the number of Settlement Class Members in Tranche 3. |

A *purchase money mortgage* is generally defined as a loan secured by an owner-occupied home located in California that was used to pay all or part of the purchase price of that home.

A *non-purchase money mortgage* is generally defined as a loan secured by a residential dwelling located in California that is not a purchase money mortgage.

No Settlement Class Member in Tranches 1 or 2 shall receive more than the total amount of Challenged Payments that he or she made on his or her Settlement Class Loan during the Class Period.

**8.   When will payment be issued?**

Payments will be sent within sixty (60) days after the Effective Date of the Settlement.  The Effective Date of the Settlement is the date upon which all decisions in the case are final, including any appeals by any objectors.  We do not yet know the Effective Date, and it may be more than a year away.  Please be patient.

**9.   How will payment be sent?**

Payment will be sent to Settlement Class Members via first class mail to the best address the Settlement Administrator can find based on Defendants' records.

**10.   What am I giving up to get a payment or stay in the Settlement?**

Unless you exclude yourself from the Settlement Class, you will be a Settlement Class Member.  *See Question 11*.  This means that all of the Court's orders will apply to you and legally bind you, and that you cannot sue or be part of any other lawsuit against the Defendants (or any of the other related entities listed as "Released Parties" in the Settlement Agreement) about the legal claims resolved in the Settlement.  The "Released Claims" are described below.

The Release provides, in pertinent part:

Plaintiff and each and all Settlement Class Members (defined as California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release ("Settlement Class Loan").  Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 5 -

LA 52097866

members; and (c) individuals in the Settlement Class who submitted a timely and valid Request for Exclusion), on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any other holders of their Settlement Class Loan (together, the "Releasing Parties"), fully release and forever discharge Defendants and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and/or predecessors in interest and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, assigns and vendors (together, the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, including but not limited to claims for violations of the California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq., and Unfair Competition Law, Cal. Bus. Prof. Code § 17200 et seq., Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Cal. Civ. Proc. §§ 580b, 580d and 726(a) and Cal. Civ. Code §§ 1572, 1709, 1710 and 1711, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order concerning the Released Parties' conduct, policies, or practices arising from, related to, connected with, or described in the Action *that were alleged or could have been alleged in the Action*, whether the claims are brought directly or by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims").  Notwithstanding the foregoing, the Plaintiff and Settlement Class Members are not releasing claims, if any, that arise out of or relate to collection activities that occur after the date of the Final Approval Order regarding Settlement Class Loans.

Talk to Class Counsel or your own lawyer if you have questions about what the release means and what it covers. *See Question 12.*

## EXCLUDING YOURSELF FROM THE SETTLEMENT ("OPTING-OUT")

### 11.  How do I get out of the Settlement?

If you ask to be excluded from the Settlement Class (also called "opting-out" of the Settlement Class), you will not get any money or other benefits from the Settlement. If you exclude yourself, you will not be legally bound by the Settlement.  Unless you exclude yourself from the Settlement Class, you give up any right to sue (or continue to sue) the Released Parties for the Released Claims that are resolved by the Settlement.

To exclude yourself from the Settlement Class, you must submit a Request for Exclusion in writing to the Settlement Administrator at the address below.  To be valid, a Request for Exclusion must: (a) be signed by the individual in the Settlement Class who is requesting exclusion; (b) include the full name, address and applicable Chase account number(s) of the individual in the Settlement Class requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the Terry action."  No Request for Exclusion will be valid unless all of the information described above is included.  Except in instances of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class.  Mass or class opt-outs are not allowed.

**To be valid, your Request for Exclusion must be postmarked no later than [DATE], 2017 to the Settlement Administrator at:**

| |
|---|
| [Name] |
| [Address] |
| [City, State, Zip] |

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 6 -

LA 52097866

## THE LAWYERS REPRESENTING YOU

### 12.  Do I have a lawyer in this case?

Yes. The Court has appointed the law firm Blood Hurst & O'Reardon, LLP to represent you and other Settlement Class Members in the Settlement. These lawyers are called Class Counsel. **You will not be charged for services performed by Class Counsel.** If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact Class Counsel about the Settlement, they can be reached at:

> BLOOD HURST & O'REARDON
> TIMOTHY G. BLOOD
> THOMAS J. O'REARDON
> 701 B STREET, SUITE 1700
> SAN DIEGO, CA 92101
> P: (619) 338-1100
> INFO@BHOLAW.COM
> WEBSITE: WWW.BHOLAW.COM

### 13.  How will the lawyers be paid? Is the Class Representative being paid?

**Attorneys' Fees.** Class Counsel will ask the Court to approve an award of attorneys' fees (not to exceed twenty-five percent (25%) of the Settlement Fund) and for reimbursement of their reasonable expenses (approximately $27,500).  Any award of attorneys' fees and expenses will be paid from the Settlement Fund.  The Court may award less than this amount.

**Class Representative Award.** Class Counsel also will ask the Court to approve a cash payment of up to $5,000.00 to Plaintiff, which will be paid from the Settlement Fund, as a service award for her services as Class Representative.  The purpose of the service award is to compensate Plaintiff for her time, efforts and risks taken on behalf of the Settlement Class.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

### 14.  How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member, you can object to the proposed Settlement if you do not like it. However, you cannot object if you have excluded yourself from the Settlement by submitting a Request for Exclusion.  S*ee Question 11*.

You can object if you do not like any part of the proposed Settlement, including the way payments are calculated or the request for attorneys' fees and expenses, and the Court will consider your views.

**You CANNOT object in order to ask the Court for a higher payment for yourself personally.** The Court can only approve or disapprove the Settlement, but cannot change how much money you are personally eligible to receive from the Settlement. This means that if the Court agrees with your objection, the case will not be settled unless the parties agree to change the terms and the Court approves those changes.

To object, you must (a) **mail** your objection to Class Counsel and Defendants' counsel **and** (b) **file** it with the Court. To be timely, your objection must be mailed to Class Counsel and Defendants' counsel so that it is **postmarked** by [**DATE**]**, 2017, and** must be **filed** with the Court by no later than [**DATE**]**, 2017**, at the following addresses:

LA 52097866

| | |
|---|---|
| **CLASS COUNSEL** | BLOOD HURST & O'REARDON, LLP<br>Timothy G. Blood<br>Thomas J. O'Reardon<br>701 B Street, Suite 1700<br>San Diego, CA 92101 |
| **DEFENDANTS' COUNSEL** | STROOCK & STROOCK & LAVAN LLP<br>Julia B. Strickland<br>Benjamin G. Diehl<br>2029 Century Park East<br>Los Angeles, CA 90067 |
| **THE COURT** | Clerk of the Court<br>James M. Carter & Judith N. Keep United States Courthouse<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 |

Note: You may mail your objection to the Court, but it must be received by the Court and filed by **[DATE], 2017**.

**You must include the following information in your objection:**

- Your full name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your attorney;
- A statement that you are a Settlement Class Member;
- Documents establishing, or information sufficient to allow the Parties to confirm, that you are a Settlement Class Member;
- A statement whether you intend to appear at the Final Approval Hearing, either in person or through your attorney;
- The specific reasons why you object to the Settlement and the basis for your objection(s);
- Identify and produce copies of documents, if any, that you desire the Court to consider; and
- Your signature.

If you are represented by an attorney, he or she must comply with all applicable laws and rules for filing pleadings and documents in the United States District Court for the Southern District of California.

Unless you submit a proper and timely written objection, according to the above requirements, you will not be allowed to object to the Settlement or appear at the Final Approval Hearing. *See Questions 16–18*.

**15.  What's the difference between objecting and excluding yourself ("opting-out")?**

Objecting is simply telling the Court that you do not like something about the Settlement.  Excluding yourself or opting-out is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself then you cannot object to the Settlement because you are not a part of it. If you object, and the Court approves the Settlement anyway, you will still get your benefits under the Settlement and you will be legally bound by the Settlement.

# THE COURT'S FINAL APPROVAL HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a "Settlement Hearing" (also known as a "Final Approval Hearing" or "Fairness Hearing") to decide whether to finally approve the proposed Settlement. The Final Approval Hearing will be on **[DATE], 2017,**

**at [TIME] a.m.** in Courtroom 13A (13th Floor) of the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101.  If you want to attend the Final Approval Hearing, keep in mind that the date and/or time may be changed after the time of this Notice, so you should check the settlement website (www.TerryMortgageSettlement.com) before making travel plans.

At the Final Approval Hearing, the Court will consider whether the Settlement and all of its terms are adequate, fair and reasonable.  If there are objections, the Court will consider them.  The Court may also decide how much to award Class Counsel for attorneys' fees and expenses, and the Class Representative service award.

At or after the Final Approval Hearing, the Court will decide whether to finally approve the proposed Settlement.  There may be appeals after that. **There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when the Settlement will become final**.

The Court may change deadlines listed in this Notice without further notice to the Settlement Class.  To keep up on any changes in the deadlines, please contact Class Counsel or review the settlement website at www.TerryMortgageSettlement.com.

| **17.  Do I have to come to the Final Approval Hearing?** |
| --- |

No. Class Counsel will answer any questions asked by the Court.  If you send an objection, you do not have to come to Court to talk about it.  So long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.  You may pay another lawyer to attend, but you are not required to do so.

| **18.  May I speak at the Final Approval Hearing?** |
| --- |

Yes.  If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, speak at the Final Approval Hearing.  To do so, you must follow the procedures set out in *Question 14*.  You must also file a Notice of Intent to Appear, which must be mailed to Class Counsel and Defendants' counsel and **postmarked no later than [DATE], 2017.**  It must be **filed** with the Clerk of the Court by that same date.  The addresses for Class Counsel, Defendants' Counsel and the Clerk of the Court are listed in response to *Question 14* above.  If you intend to have a lawyer appear on your behalf, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than [**DATE**]**, 2017**.

| **GETTING MORE INFORMATION** |
| --- |

| **19.  How do I get more information about the Settlement?** |
| --- |

This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement, available at www.TerryMortgageSettlement.com.  You may also call the Settlement Administrator at 1-800-[**NUMBER**].

**YOU MAY OBTAIN ADDITIONAL INFORMATION BY:**

1.  **CALLING**.

    Call Class Counsel at (619) 338-1100 to ask questions.

2.  **EMAILING**.

    Email Class Counsel at info@bholaw.com.

3.   **WRITING TO CLASS COUNSEL**.

    Send your questions by mail to Class Counsel at the address set forth below:

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 9 -

LA 52097866

> **BLOOD HURST & O'REARDON**
> TIMOTHY G. BLOOD
> THOMAS J. O'REARDON
> 701 B STREET, SUITE 1700
> SAN DIEGO, CA 92101
> P: (619) 338-1100
> INFO@BHOLAW.COM

4. **WRITING TO THE SETTLEMENT ADMINISTRATOR**.

Additionally, you may obtain a copy of this notice by sending a written request to the Settlement Administrator at the address below. In your request, please include your name and mailing address, and reference the title of this action as <u>Terry v. JPMorgan Chase Bank</u>.

> **[NAME]**
> [ADDRESS]
> [CITY, STATE, ZIP]

5. **REVIEWING LEGAL DOCUMENTS**.

You can review the legal documents that have been filed with the Clerk of Court in this case at:

> James M. Carter & Judith N. Keep United States Courthouse
> 333 West Broadway, Suite 420
> San Diego, CA 92101

Some of the legal documents are also located on the Settlement Website [www.**TerryMortgageSettlement**.com].

6. **ACCESSING PACER**.

You can access most of the legal documents in this case on the Court's docket through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.wawd.uscourts.gov. An access charge may apply.

**<span style="color:red">PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUIT, THE SETTLEMENT OR THIS NOTICE.</span>** <span style="color:red">The Court will not respond to letters or telephone calls. If you wish to address the Court, you must file an appropriate pleading or motion with the Clerk of the Court in accordance with the Court's procedures.</span>

DATED: [DATE], 2017                          BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

---

QUESTIONS? CALL 1-800-[ ] TOLL-FREE, OR VISIT www.TerryMortgageSettlement.com.

- 10 -
LA 52097866

# EXHIBIT 4

1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **SOUTHERN DISTRICT OF CALIFORNIA**

10   CARMEN TERRY, On Behalf of          )   Case No. 15-cv-01666-DMS-KSC
     Herself, All Others Similarly       )
11                                       )
     Situated and the General Public,    )   **CLASS ACTION**
12                                       )
13            Plaintiff,                 )   **[PROPOSED] ORDER GRANTING
                                         )   UNOPPOSED MOTION FOR
14         v.                            )   PRELIMINARY APPROVAL OF
                                         )   CLASS ACTION SETTLEMENT**
15   JPMORGAN CHASE BANK, N.A.;          )
     and REAL TIME RESOLUTIONS,          )
16   INC.,                               )
                                         )
17                                       )
              Defendant.                 )   U.S. District Judge Dana M. Sabraw
18                                       )
19   _____)

20

21

22

23

24

25

26

27

28
                                              [PROPOSED] PRELIMINARY APPROVAL ORDER
                                              Case No. 15-cv-01666-DMS-KSC
LA 52097894

WHEREAS, Plaintiff Carmen Terry, on behalf of herself and the proposed Settlement Class, and Defendants JP Morgan Chase Bank N.A. ("Chase") and Real Time Resolutions, Inc. ("Real Time" and, together with Chase, "Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a final hearing thereon, to settle the above captioned matter pursuant to the terms of the Settlement Agreement and Release (the "Agreement" or "Settlement") submitted herewith;

WHEREAS, the Court has considered the Agreement, together with the Exhibits attached thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiff has moved the Court for an order granting preliminary approval of the Settlement, and Defendants do not oppose said motion or such an order;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representative or segments of the Settlement Class, and falls within the range of possible approval as fair, reasonable and adequate;

WHEREAS, any term not defined herein shall have the meaning ascribed to it as set forth in the Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court hereby preliminarily approves the Agreement, and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.     The Final Approval Hearing shall be held on [at least 105 days after preliminary approval], 2017 at ___:___ _.m. in Courtroom 13A (13th Floor) of the United States District Court for the Southern District of California, located at 333

- 1 -

LA 52097894

West Broadway, San Diego, California to determine whether to approve final certification of the Settlement Class for settlement purposes; whether the proposed Settlement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of allocation of the Settlement Fund should be approved; the amount of any service award to the Class Representative; the amount of fees and expenses that should be awarded to Class Counsel; and such other matters as may be necessary or appropriate.

3.      Pursuant to Rule 23, the Court hereby preliminarily certifies, solely for purposes of effectuating this proposed Settlement, a Settlement Class consisting of: California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.

4.      The Court preliminarily finds, solely for purposes of effectuating the Settlement, that the Settlement Class appears to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for a settlement class, specifically that:

(a)      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

- 2 -

LA 52097894

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)     Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)     For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

5.     Solely for purposes of effectuating the proposed Settlement, the Court preliminarily designates Plaintiff as the Class Representative and pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood and Thomas J. O'Reardon of Blood Hurst & O'Reardon, LLP as Class Counsel.

6.     The Court approves the form and manner of Class Notice set forth in the Agreement and the Exhibits attached thereto, as further delineated herein, and finds that said notice meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances and shall constitute sufficient notice to all persons entitled thereto.

LA 52097894

7.      The Court hereby appoints Kurtzman Carson Consultants, LLC as the "Settlement Administrator" to supervise and administer the Settlement, including the Notice Program and the distribution of settlement awards.

8.      Prior to the Final Approval Hearing, the notice and award distribution process shall be administered as follows:

(a)      Within thirty (30) days of this Order, the Settlement Administrator shall cause the applicable Mail Notice to be sent by first class mail to each individual in the Settlement Class identified on the Class List, to their last known addresses as updated by a query of the National Change of Address database by the Settlement Administrator.  To the extent that any of the notices are returned as undeliverable, the Settlement Administrator shall engage in reasonable skip tracing to try to locate the individual in the Settlement Class whose notice was returned, and re-mail the notice to the individual in the Settlement Class as appropriate. Defendants shall cooperate with this effort, including by supplying on a confidential basis to the Settlement Administrator additional information from its reasonably available computerized account records that the Settlement Administrator may reasonably request for purposes of performing skip traces.

(b)      Within thirty (30) days of this Order, the Settlement Administrator shall establish the Settlement Website, which shall include a copy of the First Amended Complaint, the Agreement, the motion for preliminary approval, Settlement-related deadlines and this Order granting preliminary approval.  The Settlement Website shall also provide the Settlement Class with instructions for requesting a copy of the Long-Form Notice and shall list a toll-free telephone number that individuals in the Settlement Class can call for information pertaining to the Settlement.

(c)      The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.  The Court may approve the proposed

LA 52097894

Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

(d)     Any individuals who wish to exclude themselves from the Settlement Class ("opt-out") must do so by submitting a written Request for Exclusion to the Settlement Administrator postmarked no later than 30 (thirty) days prior to the date set forth in Paragraph 2 above for the Final Approval Hearing.  A Request for Exclusion must: (i) be signed by the individual in the Settlement Class who is requesting exclusion; (ii) include the full name, address and applicable Chase account number(s) of the individual in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Terry action."  No request for exclusion will be valid unless all of the information described above is included.  Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class.  Individuals who submit a valid and timely Request for Exclusion shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund and shall not be bound by any final judgment entered in this action.

(e)     The Settlement Administrator will retain a copy of all Requests for Exclusion, whether valid or invalid.  Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration that lists the names of all of the individuals in the Settlement Class who submitted valid Requests for Exclusions.

(f)     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and

other Exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class.

9.     By no later than forty-five (45) days prior to the Final Approval Hearing Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses and an incentive award for the Class Representative, and all supporting documentation and papers necessary to enter a final judgment in this matter.  Any reply in support of final approval or in response to any objections shall be filed no later than seven (7) days prior to the Final Approval Hearing.

10.     Attendance at the Final Approval Hearing by Settlement Class Members is not required.  However, Settlement Class Members may appear at the Final Approval Hearing, if he or she so desires, as an "objector" and object to the Settlement or any aspect thereof, including the applications for awards of attorneys' fees and expenses to Class Counsel or a service award to the class representative, *provided, however,* that no appearance or objection will be allowed unless, no later than thirty (30) days prior to the date set forth in Paragraph 2 above for the Final Approval Hearing, the objector both files a written objection with the Court and mails the objection to each of the following: (i) Class Counsel – Thomas J. O'Reardon, Blood Hurst & O'Reardon, LLP, 701 B Street, Suite 1700, San Diego, California 92101; and (ii) Defendants' Counsel – Benjamin G. Diehl, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  An objection must include the following: (i) the objector's name, address and telephone number, and, if represented by counsel, the name, bar number, address and telephone number of his or her attorney; (ii) documents establishing, or information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (iii) include a statement of the individual's specific objections and the grounds supporting the objection; (iv) identify and produce copies of any documents that the objector

LA 52097894

desires the Court to consider; (v) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; and (vi) the objector's original signature.  Neither the objector's electronic signature nor the signature (original or electronic) of the objector's attorney, if any, will suffice.  Any Settlement Class Member who does not timely make an objection in the prescribed manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the award of attorneys' fees and expenses to Class Counsel, or any other aspect of this Settlement, unless otherwise ordered by the Court.

11.     All notice and administration expenses incurred in connection with the Settlement, including the Notice Program and settlement award distribution process shall be paid to the Settlement Administrator from the Settlement Fund as set forth in the Agreement.

12.     This Order, the Settlement and any other incident of this preliminary approval proceeding shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.

13.     If the proposed Settlement is not finally approved for any reason, then this Order and the Agreement shall have no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Settlement Fund, including any interest thereon, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 15-cv-01666-DMS-KSC

LA 52097894

Defendants within five (5) business days following the event triggering non-approval, termination, cancellation or failure to become effective.

14.     The deadlines set forth in this Order, including, without limitation, adjourning the Final Approval Hearing, may be extended by Court order.  Notice of the extension of any deadline shall be posted on the Settlement Website by the Settlement Administrator.

15.     Pending the Final Approval Hearing, this Action is stayed for all purposes, except those proceedings related to effectuation of the Settlement.

16.     Pending the Final Approval Hearing, Plaintiff and all individuals in the Settlement Class are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any individual in the Settlement Class, or any person actually or purportedly acting on behalf of any such individual(s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the proposed Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any individual who submits a valid Request for Exclusion from the Settlement.

IT IS SO ORDERED.

Dated:  _____          _____
                                                      Hon. Dana M. Sabraw
                                                      United States District Court Judge

- 8 -

LA 52097894

# EXHIBIT 5

1
2
3
4
5
6
7
8

9

# UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | CARMEN TERRY, On Behalf of | ) Case No. 15-cv-01666-DMS-KSC |
| 12 | Herself, All Others Similarly | ) |
| | Situated and the General Public, | ) **CLASS ACTION** |
| 13 | | ) |
| 14 | Plaintiff, | ) **[PROPOSED] ORDER AND** |
| | | ) **JUDGMENT GRANTING FINAL** |
| 15 | v. | ) **APPROVAL OF CLASS ACTION** |
| 16 | JPMORGAN CHASE BANK, N.A.; | ) **SETTLEMENTMENT, CLASS** |
| | | ) **COUNSEL ATTORNEYS' FEES** |
| 17 | and REAL TIME RESOLUTIONS, | ) **AND EXPENSES, AND SERVICE** |
| | INC., | ) **AWARD** |
| 18 | | ) |
| 19 | Defendant. | ) |
| | | ) U.S. District Judge Dana M. Sabraw |
| 20 | | ) |

21
22
23
24
25
26
27
28

LA 52097889

This matter came before the Court for hearing on **[DATE]** 2017, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. **X**) ("Preliminary Approval Order"). Plaintiff seeks final approval of the Settlement Agreement and Release (the "Agreement" or "Settlement") (Dkt. No. **X**), an award of attorneys' fees and expense reimbursements to Class Counsel and a service award to the Plaintiff representative, Carmen Terry.  Class Notice having been given of the Settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Order and Judgment incorporates and approves the Agreement and the Settlement set forth therein.  Any term not defined herein shall have the meaning ascribed to it as set forth in the Agreement.

2.      The Court finds that the Settlement is the product of good faith, arm's length negotiations and is fair, reasonable and adequate in all material respects.

3.      This Court holds that it has jurisdiction over the subject matter of the Action, all parties to this Action and all Settlement Class Members with respect to the Settlement and this Order and Judgment.

4.      The Court appoints Plaintiff Carmen Terry as the representative (the "Class Representative") of the Settlement Class.

5.      Plaintiff's attorneys, Timothy G. Blood and Thomas J. O'Reardon of Blood Hurst & O'Reardon, LLP are approved as Class Counsel.

6.      For purposes of the Settlement only, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class, which predominate; (c) Plaintiff's claims are

- 1 -

LA 52097889

typical of the claims of the Settlement Class; and (d) Plaintiff and Class Counsel have and will fairly and adequately represent the Settlement Class.

7.    For purposes of the Settlement only, the Settlement Class is certified as follows: California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members; and (c) all individuals who validly submitted a Request for Exclusion from the Settlement Class.

8.    The Court finds that the Notice Program fully and accurately informed the Settlement Class of all material elements of the proposed Settlement, and constituted valid, due and sufficient notice to all individuals in the Settlement Class, and the best notice practicable under the circumstances, and that the Notice Program satisfied Federal Rule of Civil Procedure 23 and due process.

9.    The Court holds that the individuals identified in Exhibit **X** of the Declaration of **[NAME]** on behalf of the Settlement Administrator are excluded from the Settlement Class because they submitted timely and valid Requests for Exclusion pursuant to the Notice Program.

10.    The Court overrules each of the objections to the Settlement on the merits.  As to the objectors who also submitted a valid Request for Exclusion from

LA 52097889

the Settlement, the Court also overrules their objections on the procedural grounds that they have no standing to object because they are not Settlement Class Members.

11.     The Court approves a service award in the amount of $**X** to Plaintiff Carmen Terry for her service as Class Representative.  The Court finds that the award is fair, reasonable and appropriate in this case and orders that it be paid from the Settlement Fund in accordance with the Agreement.

12.     Class Counsel are awarded attorneys' fees of **X**% of the Settlement Fund ($**X**) plus expense reimbursements of $**X**, for a total sum of $**X**.  The Court finds that such awards are fair and reasonable, and orders that they be paid from the Settlement Fund in accordance with the Agreement.

13.     The Court approves the Claims Administrator's fees and costs to be paid from the Settlement Fund in accordance with the Agreement.  These fees and costs shall cover the initial distribution of the Settlement Awards.  Should a Second Distribution be required under the terms of the Agreement, the fees and costs associated with the Second Distribution will be paid from the funds to be distributed in said Second Distribution.  The Court finds that such fees and costs are reasonable.

14.     The Court approves National Housing Law Project and Consumer Watchdog as the designated cy pres recipient of the Remaining Funds, if any, which shall be distributed in equal shares accordance with the Agreement.

15.     The Court orders the Parties to the Agreement and the Settlement Administrator to perform their obligations thereunder pursuant to the terms of the Agreement and the plan of allocation of the Settlement Fund described therein.

16.     The Court orders that judgment be entered on the terms of the Settlement as set forth in this Order and Judgment, and dismisses this Action, including all claims and causes of action asserted in the First Amended Complaint, on the merits and with prejudice, as to the Class Representative and all Settlement

- 3 -

Class Members.  This dismissal is without cost to any party except as specifically provided in the Agreement and this Order and Judgment.

17.     The Court adjudges that the Class Representative and all Settlement Class Members are conclusively deemed to have released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Agreement.

18.     Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Agreement, including all payments set forth thereunder; (2) any other action necessary to conclude this Settlement and implement the Agreement; and (3) the enforcement, construction and interpretation of the Agreement including, without limitation, any dispute concerning Settlement Class Members' release of Released Claims.

19.     Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement, this Order and Judgment and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. In the event that any provision of the Agreement or this Order and Judgment is asserted by Chase and/or

- 4 -

LA 52097889

Real Time as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  By incorporating the Agreement, including the Exhibits attached thereto, and its terms therein, the Court determines that this Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20.     The Agreement, including the Exhibits attached thereto, and any and all negotiations, documents and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by any Released Party, or the truth of any of the claims.  Evidence relating to the Settlement, including but not limited to any confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement, the Preliminary Approval Order and/or this Order and Judgment.

21.     If for any reason whatsoever the Settlement fails to become final or effective, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Settlement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in

- 5 -

LA 52097889

the Settlement Class, Chase, Real Time or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22.	In the event that the Settlement fails to become final or effective for any reason, the money remaining in the Settlement Fund, including any interest thereon, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Defendants within five (5) days of the event that causes the Agreement to not become final or effective.

23.	The Court finds that no just reason exists for delay in entering this Judgment and the Clerk is hereby directed forthwith to enter it.

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated: _____	_____
	Hon. Dana M. Sabraw
	United States District Court Judge

- 6 -