# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN TERRY, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.; and REAL TIME RESOLUTIONS, INC.,<br><br>    Defendant. | Case No. 15-cv-01666-DMS-KSC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>U.S. District Judge Dana M. Sabraw |

WHEREAS, Plaintiff Carmen Terry, on behalf of herself and the proposed Settlement Class, and Defendants JP Morgan Chase Bank N.A. ("Chase") and Real Time Resolutions, Inc. ("Real Time" and, together with Chase, "Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a final hearing thereon, to settle the above captioned matter pursuant to the terms of the Settlement Agreement and Release (the "Agreement" or "Settlement") submitted herewith;

WHEREAS, the Court has considered the Agreement, together with the Exhibits attached thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiff has moved the Court for an order granting preliminary approval of the Settlement, and Defendants do not oppose said motion or such an order;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representative or segments of the Settlement Class, and falls within the range of possible approval as fair, reasonable and adequate;

WHEREAS, any term not defined herein shall have the meaning ascribed to it as set forth in the Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Agreement, and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Final Approval Hearing shall be held on [at least 105 days after preliminary approval], 2017 at ___:___ _.m. in Courtroom 13A (13th Floor) of the United States District Court for the Southern District of California, located at 333

- 1 -

West Broadway, San Diego, California to determine whether to approve final certification of the Settlement Class for settlement purposes; whether the proposed Settlement is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of allocation of the Settlement Fund should be approved; the amount of any service award to the Class Representative; the amount of fees and expenses that should be awarded to Class Counsel; and such other matters as may be necessary or appropriate.

3. Pursuant to Rule 23, the Court hereby preliminarily certifies, solely for purposes of effectuating this proposed Settlement, a Settlement Class consisting of: California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled <u>Banks, et al. v. JPMorgan Chase Bank, N.A.</u>, Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; and (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members.

4. The Court preliminarily finds, solely for purposes of effectuating the Settlement, that the Settlement Class appears to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for a settlement class, specifically that:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

5. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily designates Plaintiff as the Class Representative and pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood and Thomas J. O'Reardon of Blood Hurst & O'Reardon, LLP as Class Counsel.

6. The Court approves the form and manner of Class Notice set forth in the Agreement and the Exhibits attached thereto, as further delineated herein, and finds that said notice meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances and shall constitute sufficient notice to all persons entitled thereto.

7. The Court hereby appoints Kurtzman Carson Consultants, LLC as the "Settlement Administrator" to supervise and administer the Settlement, including the Notice Program and the distribution of settlement awards.

8. Prior to the Final Approval Hearing, the notice and award distribution process shall be administered as follows:

(a) Within thirty (30) days of this Order, the Settlement Administrator shall cause the applicable Mail Notice to be sent by first class mail to each individual in the Settlement Class identified on the Class List, to their last known addresses as updated by a query of the National Change of Address database by the Settlement Administrator.  To the extent that any of the notices are returned as undeliverable, the Settlement Administrator shall engage in reasonable skip tracing to try to locate the individual in the Settlement Class whose notice was returned, and re-mail the notice to the individual in the Settlement Class as appropriate. Defendants shall cooperate with this effort, including by supplying on a confidential basis to the Settlement Administrator additional information from its reasonably available computerized account records that the Settlement Administrator may reasonably request for purposes of performing skip traces.

(b) Within thirty (30) days of this Order, the Settlement Administrator shall establish the Settlement Website, which shall include a copy of the First Amended Complaint, the Agreement, the motion for preliminary approval, Settlement-related deadlines and this Order granting preliminary approval.  The Settlement Website shall also provide the Settlement Class with instructions for requesting a copy of the Long-Form Notice and shall list a toll-free telephone number that individuals in the Settlement Class can call for information pertaining to the Settlement.

(c) The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.  The Court may approve the proposed

Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

(d) Any individuals who wish to exclude themselves from the Settlement Class ("opt-out") must do so by submitting a written Request for Exclusion to the Settlement Administrator postmarked no later than 30 (thirty) days prior to the date set forth in Paragraph 2 above for the Final Approval Hearing. A Request for Exclusion must: (i) be signed by the individual in the Settlement Class who is requesting exclusion; (ii) include the full name, address and applicable Chase account number(s) of the individual in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Terry action." No request for exclusion will be valid unless all of the information described above is included. Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class. Individuals who submit a valid and timely Request for Exclusion shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund and shall not be bound by any final judgment entered in this action.

(e) The Settlement Administrator will retain a copy of all Requests for Exclusion, whether valid or invalid. Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration that lists the names of all of the individuals in the Settlement Class who submitted valid Requests for Exclusions.

(f) Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and

- 5 -

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 15-cv-01666-DMS-KSC

LA 52097894

1  other Exhibits that they jointly agree are reasonable and necessary.  The Court
2  reserves the right to approve the Agreement with such modifications, if any, as may
3  be agreed to by the Parties without further notice to the Settlement Class.

4        9.      By no later than forty-five (45) days prior to the Final Approval Hearing
5  Class Counsel shall file motions for final approval of the Settlement, attorneys' fees
6  and expenses and an incentive award for the Class Representative, and all supporting
7  documentation and papers necessary to enter a final judgment in this matter.  Any
8  reply in support of final approval or in response to any objections shall be filed no
9  later than seven (7) days prior to the Final Approval Hearing.

10        10.     Attendance at the Final Approval Hearing by Settlement Class Members
11  is not required.  However, Settlement Class Members may appear at the Final
12  Approval Hearing, if he or she so desires, as an "objector" and object to the
13  Settlement or any aspect thereof, including the applications for awards of attorneys'
14  fees and expenses to Class Counsel or a service award to the class representative,
15  ***provided, however,*** that no appearance or objection will be allowed unless, no later
16  than thirty (30) days prior to the date set forth in Paragraph 2 above for the Final
17  Approval Hearing, the objector both files a written objection with the Court and
18  mails the objection to each of the following: (i) Class Counsel – Thomas J.
19  O'Reardon, Blood Hurst & O'Reardon, LLP, 701 B Street, Suite 1700, San Diego,
20  California 92101; and (ii) Defendants' Counsel – Benjamin G. Diehl, Stroock &
21  Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  An
22  objection must include the following: (i) the objector's name, address and telephone
23  number, and, if represented by counsel, the name, bar number, address and telephone
24  number of his or her attorney; (ii) documents establishing, or information sufficient
25  to allow the Parties to confirm, that the objector is a Settlement Class Member; (iii)
26  include a statement of the individual's specific objections and the grounds supporting
27  the objection; (iv) identify and produce copies of any documents that the objector
28

- 6 -

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 15-cv-01666-DMS-KSC

LA 52097894

desires the Court to consider; (v) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; and (vi) the objector's original signature.  Neither the objector's electronic signature nor the signature (original or electronic) of the objector's attorney, if any, will suffice.  Any Settlement Class Member who does not timely make an objection in the prescribed manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the award of attorneys' fees and expenses to Class Counsel, or any other aspect of this Settlement, unless otherwise ordered by the Court.

11. All notice and administration expenses incurred in connection with the Settlement, including the Notice Program and settlement award distribution process shall be paid to the Settlement Administrator from the Settlement Fund as set forth in the Agreement.

12. This Order, the Settlement and any other incident of this preliminary approval proceeding shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.

13. If the proposed Settlement is not finally approved for any reason, then this Order and the Agreement shall have no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the remaining Settlement Fund, including any interest thereon, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to

- 7 -

LA 52097894

Defendants within five (5) business days following the event triggering non-approval, termination, cancellation or failure to become effective.

14. The deadlines set forth in this Order, including, without limitation, adjourning the Final Approval Hearing, may be extended by Court order. Notice of the extension of any deadline shall be posted on the Settlement Website by the Settlement Administrator.

15. Pending the Final Approval Hearing, this Action is stayed for all purposes, except those proceedings related to effectuation of the Settlement.

16. Pending the Final Approval Hearing, Plaintiff and all individuals in the Settlement Class are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any individual in the Settlement Class, or any person actually or purportedly acting on behalf of any such individual(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the proposed Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any individual who submits a valid Request for Exclusion from the Settlement.

IT IS SO ORDERED.

Dated: _____

Hon. Dana M. Sabraw
United States District Court Judge