## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN TERRY, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; and REAL TIME RESOLUTIONS, INC.,<br><br>Defendant. | Case No. 15-cv-01666-DMS-KSC<br><br>**CLASS ACTION**<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CLASS COUNSEL ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARD**<br><br>U.S. District Judge Dana M. Sabraw |

This matter came before the Court for hearing on January 26, 2018, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. 55) ("Preliminary Approval Order").  Plaintiff seeks final approval of the Settlement Agreement and Release (the "Agreement" or "Settlement") (Dkt. No. 54-3), an award of attorneys' fees and expense reimbursements to Class Counsel and a service award to the Plaintiff representative, Carmen Terry.  Class Notice having been given of the Settlement as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Judgment incorporates and approves the Agreement and the Settlement set forth therein.  Any term not defined herein shall have the meaning ascribed to it as set forth in the Agreement.

2. The Court finds that the Settlement is the product of good faith, arm's length negotiations and is fair, reasonable and adequate in all material respects.

3. This Court holds that it has jurisdiction over the subject matter of the Action, all parties to this Action and all Settlement Class Members with respect to the Settlement and this Order and Judgment.

4. The Court appoints Plaintiff Carmen Terry as the representative (the "Class Representative") of the Settlement Class.

5. Plaintiff's attorneys, Timothy G. Blood and Thomas J. O'Reardon of Blood Hurst & O'Reardon, LLP are approved as Class Counsel.

6. For purposes of the Settlement only, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class, which predominate; (c) Plaintiff's claims are

typical of the claims of the Settlement Class; and (d) Plaintiff and Class Counsel have and will fairly and adequately represent the Settlement Class.

7. For purposes of the Settlement only, the Settlement Class is certified as follows: California borrowers who obtained a residential mortgage loan owned or serviced by Chase and secured by real property located in the State of California, as to which, between July 28, 2011 through August 1, 2017, Chase (1) released the lien on the property securing the loan, and (2) directly or indirectly, thereafter attempted to collect or actually collected unpaid balances on the loan after the lien release. Excluded from the Settlement Class are: (a) members of the class action lawsuit entitled Banks, et al. v. JPMorgan Chase Bank, N.A., Case No. RG12614875 (Cal. Super. Ct.), including the settlement and related actions subject to the separate prior class action settlement in that action; (b) the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family members; and (c) all individuals who validly submitted a Request for Exclusion from the Settlement Class.

8. The Court finds that the Notice Program fully and accurately informed the Settlement Class of all material elements of the proposed Settlement, and constituted valid, due and sufficient notice to all individuals in the Settlement Class, and the best notice practicable under the circumstances, and that the Notice Program satisfied Federal Rule of Civil Procedure 23 and due process.

9. The Court holds John Manos is excluded from the Settlement Class because he submitted a timely and valid Request for Exclusion pursuant to the Notice Program.

10. The Court approves a service award in the amount of $**5,000** to Plaintiff Carmen Terry for her service as Class Representative. The Court finds that the award is fair, reasonable and appropriate in this case and orders that it be paid from the Settlement Fund in accordance with the Agreement.

11.     Class Counsel are awarded attorneys' fees of **25**% of the Settlement Fund ($4.3 million) plus expense reimbursements of $22,475.28, for a total sum of $1,097,475.28.  The Court finds that such awards are fair and reasonable, and orders that they be paid from the Settlement Fund in accordance with the Agreement.

12.     The Court approves the Claims Administrator's fees and costs to be paid from the Settlement Fund in accordance with the Agreement.  These fees and costs shall cover the initial distribution of the Settlement Awards.  Should a Second Distribution be required under the terms of the Agreement, the fees and costs associated with the Second Distribution will be paid from the funds to be distributed in said Second Distribution.  The Court finds that such fees and costs are reasonable.

13.     The Court approves National Housing Law Project and Consumer Watchdog as the designated cy pres recipient of the Remaining Funds, if any, which shall be distributed in equal shares accordance with the Agreement.

14.     The Court orders the Parties to the Agreement and the Settlement Administrator to perform their obligations thereunder pursuant to the terms of the Agreement and the plan of allocation of the Settlement Fund described therein.

15.     The Court orders that judgment be entered on the terms of the Settlement as set forth in this Order and Judgment, and dismisses this Action, including all claims and causes of action asserted in the First Amended Complaint, on the merits and with prejudice, as to the Class Representative and all Settlement Class Members.  This dismissal is without cost to any party except as specifically provided in the Agreement and this Order and Judgment.

16.     The Court adjudges that the Class Representative and all Settlement Class Members are conclusively deemed to have released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Agreement.

LA 52097889

17. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over: (1) implementation and enforcement of the Settlement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Agreement, including all payments set forth thereunder; (2) any other action necessary to conclude this Settlement and implement the Agreement; and (3) the enforcement, construction and interpretation of the Agreement including, without limitation, any dispute concerning Settlement Class Members' release of Released Claims.

18. Plaintiff and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiff or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement, this Order and Judgment and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. In the event that any provision of the Agreement or this Order and Judgment is asserted by Chase and/or Real Time as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to

- 4 -

such defense or assertion.  By incorporating the Agreement, including the Exhibits attached thereto, and its terms therein, the Court determines that this Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

19.   The Agreement, including the Exhibits attached thereto, and any and all negotiations, documents and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by any Released Party, or the truth of any of the claims.  Evidence relating to the Settlement, including but not limited to any confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement, the Preliminary Approval Order and/or this Order and Judgment.

20.   If for any reason whatsoever the Settlement fails to become final or effective, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Settlement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Chase, Real Time or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

21.   In the event that the Settlement fails to become final or effective for any reason, the money remaining in the Settlement Fund, including any interest thereon, less expenses and taxes incurred or due and owing and payable from the Settlement

1  Fund in accordance with the Agreement, shall be returned to Defendants within five
2  (5) days of the event that causes the Agreement to not become final or effective.
3     22.   The Court finds that no just reason exists for delay in entering this
4  Judgment and the Clerk is hereby directed forthwith to enter it.
5     IT IS SO ORDERED, ADJUDGED AND DECREED.
6  Dated:  January 29, 2018

_____
Hon. Dana M. Sabraw
United States District Judge